UNITED STATES DISTRICT COURT
EASTER DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DEBORAH D. JOHNSON**                                                                                      **PLAINTIFF**

v.                                                    **5:08-CV-00282-WRW**

**US SECURITY ASSOCIATES, INC.;
JIM RICE IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; AND GEORGE KELSEY
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY**                                     **DEFENDANTS**

**ORDER**

Pending is Defendants' Motion to Dismiss Party (Doc. No. 18). Plaintiff has responded,[1] and Defendants have replied.[2] For the reasons set out below, Defendants' motion is GRANTED.

**I.    BACKGROUND**

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 7, 2007, alleging discrimination based on sex and retaliation for complaining about her treatment.[3] On August 18, 2008, the EEOC issued Plaintiff a Dismissal and Notice of Rights.[4] Plaintiff, proceeding *pro se*, filed her initial Complaint in this action on October 15, 2008, against Defendants U.S. Security Associates, Inc. ("U.S. Security"), and Branch Manager Jim Rice ("Rice") alleging violations of 42 U.S.C. § 2005e-5 ("Title VII").[5] The claims in Plaintiff's original Complaint primarily arose out of events that Plaintiff admits

---

[1] Doc. No. 22.

[2] Doc. No. 26.

[3] Doc. No. 17 (Exhibit "A").

[4] *Id.* (Exhibit "B").

[5] Doc. No. 2.

-1-

took place while she was employed by another security company, Securitas.[6] On November 7, 2008, Plaintiff obtained legal counsel[7] who filed an Amended Complaint adding George Kelsey ("Kelsey") as a Defendant in his individual and official capacity.[8]

## II.   DISMISSAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), "dismissal is appropriate only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations."[9] Therefore, in reviewing a Motion to Dismiss, I must assume all facts alleged by Plaintiff are true.[10] "To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter or law and not merely legal conclusions."[11]

## III.   DISCUSSION

### A. Individual Capacity

Defendants contend that Plaintiff's Title VII claims against Rice and Kelsey in their individual capacity should be dismissed because "it is well established in this circuit that Title VII does not provide for individual liability of anyone in their individual capacity."[12] In her

---

[6] Doc. No. 17 (Exhibit "A").

[7] Doc. No. 15.

[8] Doc. No. 12.

[9] *Reeve v. Oliver*, 41 F.3d 381, 382 (8th Cir. 1994).

[10] *Autio v. AFSCME*, 140 F.3d 802, 804 (8th Cir. 1998).

[11] *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

[12] Doc. No. 17; See *Schoffstall v. Henderson*, 223 F.3d 818, 821 n.2 (8th Cir. 2000); *Vandiver v. Little Rock Sch. Dist.*, No. 4:03-CV-00834-GTE, 2007 WL 2462023 (E.D. Ark. Aug. 27, 2007).

Response, Plaintiff admits that "Defendants have correctly stated the law as it pertains to supervisors and co-employees personal liability for violations of the anti-discrimination laws."[13]

However, Plaintiff responds that because she is seeking reinstatement and will seek permanent injunctions against Rice and Kelsey prohibiting further violations of Title VII, they should remain defendants in their individual capacity.[14] Plaintiff argues that in *Nicks v. State of Missouri*,[15] the Eighth Circuit "upheld the trial Court's imposition of a permanent restraining order imposed pursuant to Title VII against supervisors and co-workers in their individual capacity . . . ."[16]

Defendants assert that Plaintiff misstates the *Nicks* decision. The jury in *Nicks* awarded the plaintiff damages under 42 U.S.C. § 1983 against the individual defendants and granted injunctive relief under Title VII, requiring her employer, a state-run mental health facility, to distribute its sexual harassment policy and to conduct training; however, as Defendants point out, "[t]here was never any injunction by the *Nicks* trial court against the individual defendants -- only an award of monetary damages against them by the jury" under § 1983.[17] I agree with Defendants that the *Nicks* case provides no support for Plaintiff's position. Accordingly, Plaintiff's claims against Defendants Rice and Kelsey in their individual capacity are dismissed.

---

[13]Doc. No. 23.

[14]*Id.*

[15]67 F.3d 699 (8th Cir. 1995).

[16]Doc. No. 23.

[17]Doc. No. 26.

### B.  Official Capacity

Defendants argue that Plaintiff's claims against Rice and Kelsey in their official capacity also should be dismissed.[18] Title VII "does not provide for an action against an individual supervisor;"[19] therefore, Title VII claims against individuals in their official capacity are really claims against the employer.[20] Defendants assert that the same rationale applies to Rice and Kelsey because U.S. Security has been named as a defendant, and it would be redundant for these individuals to remain as parties in this case.[21] I agree.[22] Consequently, Plaintiff's claims against Rice and Kelsey in their official capacity are dismissed.

### C.  Undiscovered Personal Tort Action

In the alternative, Plaintiff contends that Rice and Kelsey should remain named parties in this action because "discovery has not yet begun in this case, and there may be evidence discovered that supports an as of yet undiscovered personal tort action against the Defendants as individuals."[23] Specifically, Plaintiff asserts that she needs more time to determine if Rice had personal knowledge of alleged sexual harassment of female employees under Kelsey's supervision.[24]

---

[18]Doc. No. 17.

[19]*Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008).

[20]*Wade v. Western Sizzlin*, No. 3:07-CV-00191-WRW, 2008 WL 4820761 (E.D. Ark. Nov. 5, 2008).

[21]Doc. No. 17.

[22]It appears that Plaintiff concedes this issue because in her response she fails to address Defendants' argument for dismissal of the claims against Rice and Kelsey in their official capacity.  See Doc. No. 23.

[23]Doc. No. 23.

[24]*Id.*

Defendants insist that under the Federal Rules of Civil Procedure,[25] Plaintiff's speculation of an undiscovered personal tort action is insufficient grounds to retain Rice and Kelsey as defendants.[26] Plaintiff failed to allege in her Amended Complaint[27] that a tort was ever committed by Rice or Kelsey. As a federal district court in Iowa recently observed, "[t]he Complaint in civil litigation is not an invitation to an unfettered fishing expedition for evidence of wrongs that *might have* occurred."[28] Plaintiff may not circumvent dismissal of Defendants by alleging additional claims in her Response to Defendants' Motion to Dismiss.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion to Dismiss Party (Doc. No. 18) is GRANTED. Defendants Rice and Kelsey are DISMISSED as named parties in this action.

IT IS SO ORDERED this 28th day of January, 2009.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[25] Defendants cite the "short and plain statement" requirement for a complaint contained in Rule 8(a) of the Federal Rules of Civil Procedure.

[26] Doc. No. 26.

[27] Doc. No. 12.

[28] *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094 n.4 (S.D. Iowa 2008) (emphasis added).