**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DEBORAH D. JOHNSON**                                                         **PLAINTIFF**

**VS.**                                    **5:08CV00282-WRW**

**U.S. SECURITY ASSOCIATES, INC.**                                    **DEFENDANT**

<u>**ORDER**</u>

Pending is Defendant's Motion for Summary Judgment (Doc. No. 54). Plaintiff has responded,[1] and Defendant has replied.[2] For the reasons set out below, Defendant's Motion for Summary Judgment is GRANTED.

**I.      BACKGROUND**

Plaintiff Deborah Johnson alleges two Title VII[3] causes of action against Defendant U.S. Security Associates, Inc.: (1) hostile work environment sexual harassment, and (2) retaliation by discipline and termination of employment. These are the facts:[4]

U.S. Security Associates provides security services for businesses. In 2004, Security Associates hired Johnson to work as a security officer at a paper mill. Two years later, Security Associates lost the contract at the paper mill, and another security company, Securitas, took over the contract.

---

[1]Doc. No. 59.

[2]Doc. No. 62.

[3]Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

[4]*See* Doc. Nos. 56, 61. Disputed facts are noted.

1

Johnson and her immediate supervisor, George Kelsey, were hired by Securitas to continue working at the mill. Johnson alleges that, while working at Securitas, Kelsey made sexually harassing comments to her. Johnson reported the alleged harassment to Securitas.

In June, 2007, Security Associates regained the contract at the paper mill. Both Johnson and Kelsey were rehired by Security Associates, and continued working at the mill.

Kelsey's duties included making the weekly work schedule for Johnson and other security guards. Johnson admits that Kelsey, as her supervisor, had the authority to change the schedule, and that she needed approval from Kelsey to change her work schedule.

On September 17, 2007, Kelsey instructed Johnson to work an upcoming shift on her usual day off. According to Kelsey, he told Johnson to work the shift because he wanted to give another employee, Ms. Yarbrough, that day off. Rather than working the shift, however, Johnson called Yarbrough and told her to work the shift. Johnson then telephoned Kelsey, saying that Yarbrough was going to work the shift after all. Shortly thereafter, Yarbrough called Kelsey and reported that Johnson told her to work the shift. Kelsey resolved the issue by giving Yarbrough the shift off and finding another employee to cover the shift.

Johnson wrote up this incident in the site log book (used to report various kinds of complaints on the job), generally alleging that Kelsey was changing schedules in bad faith, and stating that she would not work the shift Kelsey had asked her to work.

Security Associates manager Jim Rice oversaw both Kelsey and Johnson. Rice read the incident report written by Johnson and spoke to Kelsey about it. He also spoke to John Coons, a representative of the paper mill, who indicated that he was uncomfortable with Johnson's behavior. Rice decided to terminate Johnson. Rice's stated reason for discharging Johnson was

due to her insubordination in making another guard work in her place after her supervisor

(Kelsey) had instructed her to work. (Security Associates's "Security Officer's Guide" provides

that security officers cannot switch or change their scheduled work hours or days without

permission of a supervisor, and that insubordination and willful disobedience of an order is

grounds for immediate termination.)

On September 19, 2007, Rice called Johnson and told her she was discharged as a result

of the insubordination incident evidenced in the log book. Johnson then told Rice, for the first

time, that Kelsey had allegedly harassed her while they worked for Securitas. Rice allegedly

responded that Securitas was not his company, and he then ended the conversation.

After receiving an EEOC notice of right to sue, Johnson filed her present complaint

alleging sexual harassment and retaliation.

## II.      DISCUSSION

### A.      Standard of Review

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[5]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the
> need for a trial -- whether, in other words, there are any genuine factual issues that
> can be resolved only by a finder of fact because they may reasonably be resolved in
> favor of either party.[6]

---

[5]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[6]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

3

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[7]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[8]  I must view the facts in the light most favorable to the party opposing the motion.[9]   The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[10]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[11]

**B.     Application**

---

[7]*Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[8]*Id.* at 728.

[9]*Id.* at 727-28.

[10]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[11]*Anderson*, 477 U.S. at 248.

4

### 1.      Hostile-Work-Environment Sexual Harassment

Johnson's sexual harassment claim is dismissed as a matter of law because all of her allegations of sexual harassment occurred while she was employed by Securitas, not Security Associates.[12] Johnson has not presented a legal theory under which Security Associates can be held liable for actions attributed to Securitas.[13] Accordingly, summary judgment is GRANTED in favor of Security Associates on the sexual harassment claim.

### 2.      Retaliation by Discipline

Johnson's retaliation claims regarding disciplinary actions that took place before the termination of her employment are dismissed as a matter of law because those alleged instances of retaliation exceed the scope of her EEOC charge.[14] A plaintiff must exhaust her administrative

---

[12]In Johnson's response, she begins to contradict her deposition testimony by suggesting that, after they began working again for Security Associates, Kelsey engaged in "subtle" harassment, like "calling [Johnson's post] [even though] the conversations were not in reference to the job." *See* Doc. No. 60. Even giving these alleged incidents credit in the face of her contradictory testimony, the alleged conduct is not sufficiently severe or pervasive to create a genuine issue of fact as to whether they constitute actionable harassment. See *Barker v. Missouri Dep't of Corrections*, 513 F.3d 831, 835 (8th Cir. 2008) (sexual harassment "is actionable under Title VII only if it is so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment."); *Sutherland v. Missouri Dep't of Corrections*, 580 F.3d 748, 751 (8th Cir. 2009) (conduct must be "extreme in nature and not merely rude or unpleasant.").

[13]See *Whitmore v. O'Connor Management, Inc.,* 156 F.3d 796, 799 (8th Cir. 1998) (no vicarious Title VII liability between unrelated companies).

[14]Alternatively, the alleged incidents -- being asked to work an unscheduled shift, failing to assign overtime, and Kelsey being "standoffish" -- are not sufficiently material to create a genuine issue of fact as to whether they constitute actionable retaliation. See *e.g.*, *Recio v. Creighton Univ*., 521 F.3d 934, 940 (8th Cir. 2008) (denial of alleged pay guarantees, reporting of customer complaints, undesirable route assignment, and failure to adequately investigate discrimination claims not actionable as adverse employment actions).

remedies before filing a Title VII action.[15] A Title VII plaintiff generally does not exhaust her administrative remedies unless she complains of the alleged discriminatory behavior to the EEOC before filing a lawsuit.[16] Although an EEOC complaint "need not specifically articulate the precise claim or set forth all the evidence an employee may choose to later present in court," it must still "be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim."[17]

Johnson's EEOC charge alleges only that she was "terminated in retaliation for reporting . . . sexual comments."[18] Johnson's allegations regarding any other retaliatory disciplinary actions are not specified or even alluded to in her EEOC charge. Accordingly, for failure to exhaust administrative remedies,[19] summary judgment is GRANTED in favor of Security Associates on Johnson's claims of retaliation by discipline.

### 3.    Retaliatory Discharge

Johnson's claim of retaliatory discharge is also dismissed as a matter of law. In order to establish a *prima facie* case of retaliation under Title VII, Johnson must show that: she engaged in some protected activity (here, complaining of sexual harassment); Security Associates took an adverse employment action against her (here, the termination of Johnson's

---

[15]42 U.S.C. § 2000(e-5).

[16]*Stuart v. General Motors Corp.*, 217 F.3d 621, 630-31 (8th Cir. 2000).

[17]*Wallace v. DTG Operations, Inc*., 442 F.3d 1112, 1123 (8th Cir. 2006).

[18]Doc. No. 55-1.

[19]See *Stuart v. General Motors Corp*., 217 F.3d 621, 630 (8th Cir. 2000) (dismissing Title VII disciplinary retaliation claims because they are not like or reasonably related to complaint of retaliation by termination to support administrative exhaustion).

employment); and there was a causal link between engaging in the protected activity and the adverse employment action.[20] Even viewing all the evidence in favor of Johnson, she fails to present evidence sufficient to give rise to an inference of a causal link between her complaint of harassment to Securitas and her termination by Security Associates. The only evidence of a causal connection between Johnson's complaint of harassment and her termination is that she was fired six months after complaining.  Standing alone, this six month span of so-called "temporal proximity" is too far removed in time to raise an issue of material fact in support of Johnson's retaliatory termination claim.[21]

Additionally, Security Associates has given a legitimate, nonretaliatory reason for discharging Johnson—she insubordinately failed to work a shift after being instructed to do so by her supervisor—and Johnson has failed to demonstrate an issue of material fact that this reason is pretextual.

Summary judgment is GRANTED in favor of Security Associates on Johnson's retaliatory discharge claim.

## CONCLUSION

For the reasons set out above, Defendant's Motion for Summary Judgment (Doc. No. 54) is GRANTED against Plaintiff on all of her claims.

IT IS SO ORDERED this 21st day of July, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[20]See *Kiel v. Select Artificials, Inc*., 169 F.3d 1131, 1136 (8th Cir. 1999).

[21]See *Kipp v. Missouri Highway and Transp. Comm'n*, 280 F.3d 893 (8th Cir. 2002) (as a matter of law, two month time interval between complaint and termination alone does not establish causal link).